THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>    v.<br><br>**[1] CARLOS MANUEL COTTO-CRUZ, et al.,**<br>    [#1 – #41]<br><br>    Defendants. | Criminal No.  22-00213 (ADC) |

## CASE MANAGEMENT ORDER

This case involves a conspiracy and substantive charges regarding the illegal possession with intent to distribute controlled substances (Counts 1-5), possession of weapons in furtherance of a drug trafficking crime (Count 6) and money laundering (Count 7.) The record reflects that up to date, all defendants arrested have appeared or are scheduled to appear before the Court for initial appearance, bail, and arraignment.

To promote efficient case management and orderly proceeding thru discovery stages while properly allocating resources of attorneys, Court and CJA funds, the Court schedules and Orders the following:

    **A.**    **Procedural Matters, In General**:

    1.    At each scheduled in-court conference, counsel's timely attendance is expected. Counsel shall appear ready to participate at said conference and report on the status of

**Criminal No.  22-00213 (ADC)**                                                                                           **Page 2**

discovery, any needed or outstanding discovery request not answered by the government, the need for dispositive motions or evidentiary hearings and may raise any other relevant subject.

   a) Any counsel unable to attend, may be substituted at the conference.[1] Substitute counsel shall appear prepared and fully informed of the case status to enable meaningful participation[2]. No motion seeking authorization for substitute counsel is to be filed. If filed, will not be subject to payment under CJA.

   2.   Each motion, within the caption, shall include **defendant's full name** and **number** within the indictment. Counsel will ensure that every motion or pleading is properly captioned.

   3.   No informative motion is to be filed by defense attorneys with the purpose of reporting compliance with their duty under Local Rule 116.1(b)(1) (submitting to the government an informal discovery request.)

   a) Boiler plate discovery and informative motions filed in direct contravention of this order will not be paid under CJA.

   4.   No motion for informal, general, or specific discovery will be entertained, unless it provides certification that informal resolution has been sought prior to filing such motion.

---

[1] Whenever multiple conferences are conducted on a given date, counsel is expected to attend the conference for which he/she was summoned. Based on good cause, counsel may attend any of the other related conferences upon providing **telephonic notice** to the Court (Courtroom Deputy.) **For these purposes, no motions need to be filed**.
[2] Failure to attend or be fully prepared by either counsel of record or substitute counsel may entail sanctions. This norm also applies to counsel for the government.

**Criminal No.  22-00213 (ADC)**                                                                                           Page 3

5.     Counsel must be aware that "Informative Motions" are not to be used to submit prayers or request relief from the Court. "Informative Motions" requesting some sort of relief beyond this Court noting the contents of the motion, will not be entertained.

6.     "Motions to Join" other motions filed by co-defendants under the assumption that the Court will determine "the extent to which applicable" or defendant's legal standing; will not be considered.

7.     Motions notifying vacations or absence from the jurisdiction need not to be filed. These events will not preclude the Court scheduling nor will affect case management, more so, in multi-defendant cases. Counsel has a duty towards his client and the Court. Were counsel to be absent he/she shall arrange to be properly substituted. Said motions, if filed, will not be paid from CJA funds.

8.     Absent exigent circumstances, the filing of interim vouchers is not authorized.

9.     Objections to the Presentence Investigation Report are to be submitted to the U.S. Probation Office in accordance with Local Rule 132: Objections or issues not resolved with U.S. Probation Office shall be submitted to the Court, in writing, at least five (5) days prior to sentencing date.

10.    Other than objections to the Presentence Investigation Report, all other sentencing memorandums are to be filed at least three (3) working days prior to the sentencing date.

11.    The Court will hold a Pretrial Conference at least ten (10) days prior to trial.

**Criminal No.  22-00213 (ADC)**                                                                                                   **Page 4**

        a)  At least two (2) working days prior to the trial conference, parties will be expected to alert the Court in writing, as to anticipated evidentiary issues. If in need of an ex-parte motion or session, a record of the same will be preserved.

        b)  Government will be expected to have reviewed and complied with Fed. R. Crim. P. Rule 12 (Designation of Evidence; Fed. R. Evid. 404(b) and Fed. R. Crim. P. Rule 16.

        c)  Defense will be expected to certify compliance with his/her duty to provide reciprocal discovery and/or to provide notice pursuant to Fed. R. Crim. P. 12.1, 12.2 and 12.3.

12.  Proposed Voir-Dire, Special Jury Instructions and Verdict Form(s) are to be submitted at least, five (5) working days prior to trial.

    **B.**  **Discovery and Pretrial Issues**

1.  Throughout the pendency of this case, the United States Pretrial Service is authorized to provide access to their report, to the attorney of record[3]. This may enable counsel to adequately assess the criminal history category of his/her client.

2.  No motion petitioning for "*De Novo* review" of bail determinations will be entertained when based on new evidence available. All evidence relevant to bail issues shall be submitted, in first instance, to the presiding Magistrate Judge. When necessary, counsel may

---

[3] This includes any new counsel that may appear at a later date in substitution of a previous one who has withdrawn.

**Criminal No. 22-00213 (ADC)**                                                                                              Page 5

move for reconsideration before the presiding Magistrate Judge prior to petitioning this Court. **No boiler plate motion for "*De Novo* Review" will be considered**.

3. Requests for mental evaluation(s) are to be submitted with a proposed form of order, in strict compliance with 18 U.S.C. § 4241 et seq. (ex: indicating grounds making petition warranted, scope of the evaluation, whether the request is for psychological or psychiatric services, if to be used only by defense counsel, curriculum of physician, fees…[4]) **Experts are not to expect (inasmuch as the Court may not authorize) advanced payment for services**.

4. Requests for appointment of "investigators" and experts, shall be submitted with relevant information concerning the individual to be appointed (curriculum), fees, type, and amount of work to be performed and expected time of completion for tasks assigned. **Motions are to be submitted with a proposed form of order**. No advanced payments are authorized.

    a) Counsel appointed under CJA, remains ultimately responsible for certifying the accuracy of the expert's or investigator's voucher.

5. At the proper time the Court will fix the time frame for disclosure of *Jencks* and *Giglio* material. No pretrial motions are to be filed requesting *Giglio* and *Jencks* in general boilerplate fashion. The government is placed on notice, that unless otherwise determined, the Court will expect compliance with this disclosure, ten (10) working days prior o trial.

---

[4] This is intended to facilitate processing of experts' vouchers under CJA and allows for proper determination of whether said evaluation is to be paid by DOJ, CJA or defendant.

**Criminal No. 22-00213 (ADC)**                                                                                      **Page 6**

6. At the proper time during the pre-trial stages, the Court will fix the time frame for holding an ocular inspection of evidence seized by the government, more so, of that to be presented in its case in chief.

7. Defense counsel is expected to comply with the duty to provide reciprocal discovery to the government pursuant to Fed. R. Crim. P. Rule 16(b).

8. The government is reminded of its continuing duty to provide exculpatory material. *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitely*, 514 U.S. 419 (1995).

9. General, over broad and boiler plate requests for information regarding Grand Jury sessions, testimonies of witnesses appearing before it, must be considered **DENIED**.

10. Traditional boiler plate and over broad requests for information regarding name of government witnesses, names of undercover agents or non-participating informants, their personnel files, their addresses and results or any polygraphs administered to such prospective witnesses is at this stage, **DENIED**.

11. Traditional boiler plate and non-specific requests for Bill of Particulars and Severance, alluding only to the applicable case law, will be **DENIED**.

12. The Court intends to conduct, periodically, status conferences, to promptly address any problem encountered with on-going discovery, address requests from defendants and ensure government's timely compliance.

**Criminal No.  22-00213 (ADC)**                                                                                           **Page 7**

13. Time for attending state proceedings (ex" suppression hearing and trials), more so, if it includes travel outside the metropolitan area, absent exigent circumstances, will required prior court approval. If deemed necessary, the request may be submitted "ex-parte".

14. Court appointed counsel are provided notice that voucher entries for "reviewing dockets", "reviewing docket entries" will be closely scrutinized and must be properly explained and supported. Counsel is reminded to review related CJA guidelines. Counsel must avoid increased costs and excessive billing generated by either printing or downloading pleadings or orders not relevant to their cases or defense strategy. To this extent:

a. All filings by the court will indicate if extensive to all or to a limited identifiable number of defendants.

**C.    Government Disclosures**

1. Government will provide each defendant with:

a) Prior conviction and arrest record.

b) Available evidence pursuant to F. R. Evi. 404(b). All defendants are presumed to have requested such disclosure.

c) Substance of any verbal or written statement(s) provided to law enforcement agents or other persons as long as they may be attributed to or were adopted by defendant. This encompasses disclosure of information relevant to admonishment and waiver of constitutional rights be defendants.

   d) Scientific reports (ex: forensic, ballistics) as they relate to each defendant or defendants. Relevant and supporting information and/or documents, pursuant to Fed. R. Crim. P. 16(a)(1)(F) and (G) must also be provided.

   e) Reports on the availability of and/or other tangible evidence, still in possession or control of state law enforcement officers that will constitute evidence in its case in chief.

   f) Copies of the application(s) for and search warrants and wiretap orders issued by any state or federal court which resulted in the gathering and seizure of evidence to be used in its case in chief.

   g) Participating Informants: the government is required to initially disclose the substance of their testimonies and subsequently, any other information that may be necessary, as requested by counsel and ordered by the court.

   h) Cooperating Co-defendants: at the proper time the Court will provide for disclosure of plea agreements and any other related and relevant evidence such as prior conviction records or other bad acts evidence.

   i) The government is to timely provide counsel for defendant with a transcript and certified translation of audio recordings. Said transcripts are not to include the government's characterization of statements or events depicted. (Ex "Agua"—(word used to identify polices' presence), "X" moves head in the affirmative.)

**Criminal No.  22-00213 (ADC)**                                                                                                   **Page 9**

j) If a plea agreement materializes, the government will provide the Curt with a courtesy copy of the plea agreement at least one (1) day prior to the Rule 11 proceedings.

2. The government will provide each defendant with a full discovery package. Were the discovery to be provided by electronic means, discs or USBs are to be provided **to each defendant**. The government will be responsible for providing the basic instructions and methodology that may all ow or the "opening" of said electronic files. More so, the government will provide an "index" describing the information within the discovery provided.

a) For any defendant or group of defendants that remain(s) in custody, a separate set of said electronic media (ex: audio recordings) is to be made available at the place of detention (MDC, Salinas, Bayamón 705, Guayama 1000 or mainland.)

b) In addition, when so needed, a hard copy of all evidence provided by electronic means is to be made at any of the print shops that have offered favorable rates to CJA attorneys (Guidance may be sought from CJA personnel.)

c) The electronic media shall include an "Index", or all evidence therein included.

3. The government is instructed to preserve rough notes in possession of law enforcement agents. To secure compliance, the government will instruct its agents accordingly and will be responsible for requesting and safekeeping as part of the AUSA file, photocopies, or the originals of said rough notes. See Local Rule 116.3.

**Criminal No. 22-00213 (ADC)**                                                                                          **Page 10**

    4.      The government is to provide to counsel prompt notice of any "*Bruton* problem created by the possible presentation and admission at trial of statements provided by any co-defendant(s). This does not relieve defense counsel from his/her duty to file a motion for proper relief.

    5.      As soon as practicable or as fixed by the Court, the government will submit to defendants proposed written plea offers.

    6.      In cases where significant tangible evidence is available to the government, the Court will provide and set dates and times for ocular inspections and the designation of evidence. Sessions to examine physical evidence will be orchestrated by the attorney for the government, as instructed by the Court, to enable organized attendance and participation by defense attorneys. For each session held the government will maintain an attendance record that is to be filed with the Court immediately upon conclusion of the session.

        a) Defense counsel's failure to attend to any of such sessions, will be construed as and will constitute a waiver of his right to examine said evidence prior to trial.

    7.      Regarding disclosure of evidence in possession of state officers:

        a) If a related state case is in its investigative stage:  relevant information readily accessible to the government is to be provided, sanitized when necessary, so as not to jeopardize on-going federal or state investigations.

**Criminal No. 22-00213 (ADC)**                                                                                                              **Page 11**

      b)  If a state criminal action or case has been filed: the United States will be responsible for providing disclosure pursuant to F. R. Crim. P. Rule 16, of information and evidence in its possession or readily accessible to them or which can be reasonably obtained from state prosecutors.

      c)  For any other relevant evidence within state court, state agency or other public records, defense attorneys may avail themselves of means such as: inspecting the state agency or court case file, obtain certified copies of statements and affidavits within said records. No transcripts of state in-court testimonies and proceedings will be admissible unless duly certified by state court authorities. If it becomes necessary, counsel may pursue Court orders to ensure prompt and timely compliance with requests for disclosure.

      d)  Absent good cause or basis, the Court does not authorize travel outside the metropolitan area when purpose is simply to obtain copies of judgment(s) to verify criminal history categories. Said information is to be provided by the government as part of its 404(b) disclosure as part of its standard disclosures or by U.S. Pretrial Services, when so requested by counsel. No prior court authorization is needed to visit in custody defendants at the place where housed.

    8)  At the time *Jencks* material is to be disclosed, the government will inquire from cooperating co-defendants whether they or any of them, accepts to be interviewed by counsel

for defendants herein, or any of them in particular. Responses will be reported to defendants at the time *Jencks* materials are disclosed.

This Order is not intended to limit the defendant's rights to discovery or due process. Its objective, coupled with the subsequent in-court conferences, is simply geared that ensuing compliance with Local Rules, avoid the unnecessary filing of over broad, boiler plate and unnecessary discovery motions while providing for effective case management.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 24th day of June 2022.

                                                 **S/AIDA M. DELGADO-COLON**
                                                 **United States District Judge**